UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

OMAR M BAILEY,

            Petitioner,

   v.

ICE FIELD OFFICE DIRECTOR,

            Respondent.

Case No. C20-0023-TSZ-MAT

ORDER APPOINTING THE
FEDERAL PUBLIC DEFENDER TO
REPRESENT PETITIONER

Petitioner, who has been subject to immigration detention under 8 U.S.C. § 1225(b)(1)(B)(ii) for nearly three years, is proceeding *pro se* in this 28 U.S.C. § 2241 habeas action in which he seeks release or a bond hearing. Currently before the Court is Petitioner's motion to appoint counsel, which he filed at the Court's invitation. (Dkt. 10; *see also* Dkt. 9 (7/21/2020 order inviting Petitioner to seek appointment of counsel by filing application to proceed *in forma pauperis*).)

The Court may appoint counsel for Petitioner if he is financially eligible and "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Petitioner's motion establishes his financial eligibility. (*See* Dkt. 10.) The Court also concludes that the interests of justice require the

ORDER APPOINTING THE FEDERAL
PUBLIC DEFENDER TO REPRESENT
PETITIONER - 1

1  appointment of counsel because, as discussed below, this case presents complex issues that warrant full briefing before the Court renders a decision.

Judges in this District, including the undersigned, have concluded that unreasonably prolonged detention under § 1225(b) without a bond hearing violates due process. *See Banda v. McAllenan*, 385 F. Supp. 3d 1099 (W.D. Wash. 2019) (adopting multi-factor test to determine whether detention has become unreasonably prolonged, thus warranting a bond hearing). In this case, however, the Government argues that because Petitioner is an arriving noncitizen under § 1225, due process is limited to the procedures Congress has provided, which do not include a bond hearing. (*See* Dkt. 6 at 7-10 (citing, *inter alia*, *Shaughnessy v. United States ex rel. Mezei*, 345 US. 206, 212 (1953) ("whatever the procedure authorized by Congress is, it is due process as far as an alien denied [initial] entry is concerned"); *Barrera-Echavarria*, 44 F.3d 1441, 1149 (9th Cir. 1995) (en banc) (addressing pre-IIRIRA statute and holding that "excludable aliens have no procedural due process rights in the admission process")).) A district judge in Arizona recently considered similar arguments, including the applicability of *Barrera-Echavarria*, and agreed with the Government that due process does not require more for arriving noncitizens than is provided by Congress. *Ibarra-Perez v. Howard*, --- F. Supp. 3d ----, 2020 WL 3440298 (D. Ariz. June 23, 2020). The *Ibarra-Perez* court noted that *Banda* did not consider *Barrera-Echavarria* or the effect of a noncitizen's status as an "arriving alien" on his or her due process rights. Indeed, the Government in *Banda* did not argue that the petitioner's status as an arriving noncitizen under § 1225 affected his rights. Given that the Government here asks the Court to depart from *Banda*, the Court deems it in the interests of justice to appoint counsel to respond.

Based on the foregoing, the Court ORDERS:

ORDER APPOINTING THE FEDERAL
PUBLIC DEFENDER TO REPRESENT
PETITIONER - 2

(1) Petitioner's motion to appoint counsel (Dkt. 10) is GRANTED. The Court APPOINTS the Federal Public Defender to represent Petitioner in these proceedings.

(2) **Within 21 days** of the date of this Order, the Federal Public Defender shall file a notice of appearance and inform the Court whether he intends to move to file an amended habeas petition on Petitioner's behalf or whether he will proceed on the current petition.

(3) *If Petitioner elects to proceed on the current petition*, the Government shall respond to the petition **within 21 days** of the Federal Public Defender's appearance. The Government may refile its original return memorandum and motion to dismiss (Dkt. 6) or file a superseding return. As with the original return, the Government shall note it on the Court's calendar for the fourth Friday after filing, and Petitioner shall respond by the Monday preceding the noting date.

(4) *If Petitioner intends to file a motion for leave to amend*, he must do so **within 21 days** of the Federal Public Defender's appearance.

(5) The Clerk is directed to send copies of this order to Petitioner, the Federal Public Defender, counsel for the Government, and the Honorable Thomas S. Zilly.

Dated this 20th day of August, 2020.

Mary Alice Theiler
United States Magistrate Judge

ORDER APPOINTING THE FEDERAL
PUBLIC DEFENDER TO REPRESENT
PETITIONER - 3